Lloyd F. Laird, Jr., an individual *v.* City of McKeesport, a Municipal Corporation and Irwin-Packer Action Group, an Unincorporated Association. The City of McKeesport, Appellant.

148

Argued November 16, 1984, before Judges MAC-PHAIL, DOYLE and PALLADINO, sitting as a panel of three.

*John F. Cambest, Conway, Meyer & Cambest,* for appellant.

*Carl Max Janavitz,* for appellee.

OPINION BY JUDGE PALLADINO, March 7, 1985:

The City of McKeesport (City) appeals from a decision of the Court of Common Pleas of Allegheny

County (trial court) which reversed an action by the City's Zoning Hearing Board (Board) denying an application for a certificate of occupancy filed by Lloyd Laird (Appellee). For the reasons set forth below, we affirm the order of the trial court, and direct the issuance of the certificate of occupancy.

As the trial court took no additional evidence, we must determine whether the findings of the Board are supported by substantial evidence, and whether the Board abused its discretion or committed an error of law in denying the certificate of occupancy. *Allegheny West Civic Council, Inc. v. Zoning Board of Adjustment of the City of Pittsburgh,* 80 Pa. Commonwealth Ct. 79, 471 A.2d 128 (1984).

The facts, as found by the Board, are as follows. The property in question is located in an area classified by the McKeesport Zoning Ordinance (Ordinance) as a "Local Business" ("LB") district; is owned by Sean Salvo, and leased to Appellee. The property had previously been used as a two-bay service station, a permitted use in the "LB" district. Appellee applied for a certificate of occupancy for a pizza shop and gameroom, but, although the area was zoned "LB", the Zoning Administrative Officer refused to issue the certificate, because "his boss had ordered him not to."[1]

Appellee appealed to the Board, which held two hearings on the matter. At the conclusion of the second hearing, on March 21, 1983, the Board voted on the issuance of the certificate, but came to a deadlocked vote, thus letting stand the denial of the certificate by the Zoning Administrative Officer.[2]

---

[1] Finding of Fact No. 11.

[2] The Board stated that it *could not* give a decision because of the deadlock.

On appeal, the trial court reversed, holding that although no findings accompanied the Board's action, a remand was not required because the record from the Board was "totally devoid of evidence upon which the Board could base findings necessary to deny the special exception request." The trial court concluded that "the proposed use complies with the objective requirements of the Ordinance and that the use is permitted as a special exception." The trial court also held that the objectors failed to prove to a high degree of probability that the grant would adversely affect the public interest of the City, thus it was error for the Board to deny the application.

Although the trial court mistakenly analyzed the case as an application for a special exception, instead of an application for a certificate of occupancy for a permitted use, we agree with its reversal of the Board.

The Board filed findings of fact and a written decision with the trial court seven days before the trial court issued its decision on the appeal. Apparently, counsel for the Board did not draw this fact to the trial court's attention, for as pointed out above, the trial court stated that no written findings had been made by the Board.

Although the findings of the Board were not addressed by the trial court, as our scope of review is focused on the Board's decision, we do not believe a remand is necessary, and we will address the Board's findings and decision even though the trial court did not do so.

The decision of the Board addressed two issues:

1) That a gameroom was not a permitted use in the "LB" district.

2) The granting of the occupancy permit would effectively alter the general character of

the neighborhood and would be detrimental to the public welfare and safety.

Initially we must decide whether the decision of the Board that a gameroom is not a permitted use in the "LB" district is correct.[3] When interpreting a zoning ordinance provision governing permitted uses, we must give the landowner the benefit of the interpretation least restrictive of his use and enjoyment of the property. *Barnhart v. Zoning Hearing Board of Nottingham Township,* 49 Pa. Commonwealth Ct. 481, 411 A.2d 1266 (1980).

The "LB" uses are contained in Chart 5 of the Ordinance. Chart 5 reads:

LOCATION PERMITTED: The following classifications of business uses, *specifically stated or implied,* are permitted in the "LB", "GB", "LI" and "HI" Districts:

. . .

8. COMMERCIAL RECRE- a. Theater
ATIONAL USES, conducted b. Bowling Alley
only within buldings, so con- c. Billiard Room
structed that no noise of any d. Dancing
kind, produced therein shall
be audible beyond the con-
fines of the building:
(Emphasis added.)

According to testimony at the hearing, Appellee's proposed gameroom would consist of ten to twelve video game machines and a pool table.

We cannot help but note that at the hearing the Zoning Officer and the Board's solicitor stated that

---

[3] Both parties before the Board agreed that a pizza shop *is* a permitted use. Although the City now attempts to challenge this use, we do not address its arguments, as the issue was not properly raised below.

the proposed gameroom *was* a permitted use. No evidence was admitted or testimony offered to establish otherwise. It is our opinion that the proposed gameroom, under the Ordinance, is an implied permitted use, in light of the specifically permitted uses of a Billiard Room and a Bowling Alley. Video games in this day and age are a prevalent form of commercial recreation. Obviously, a pool table is specifically permitted, and we therefore hold that a gameroom is an implied commercial recreational use under the Ordinance. The Board erred in holding that the gameroom was not a permitted use in the "LB" district.

The second part of the Board's decision concerned the impact of the proposed use on the public welfare and safety. The inquiry of the Board in this area was misplaced. All the Board had before it was the question of whether a pizza shop and gameroom were *permitted* uses under the ordinance.

A permitted use, in technical zoning jargon refers to uses allowed absolutely and unconditionally. *Kopelman v. The Zoning Hearing Board of New Kensington,* 55 Pa. Commonwealth Ct. 306, 423 A.2d 761 (1980). Once compliance with the requirements of the Ordinance is established, no further inquiry is authorized. The uses permitted by the Ordinance were determined not to be detrimental to the public health, safety or welfare by the City when it passed the Ordinance.

Even had such an inquiry been justified, as it would have been in an application for special exception, we agree with the trial court that the record does not support a finding that the proposed use would be detrimental to the public welfare and safety. The testimony presented at the hearing dealt with the *current* status of the neighborhood, and did not ex-

amine the impact of the proposed use, except in a generalized fashion.[4]

We hold that the proposed use of a pizza shop and gameroom is a permitted use in the Local Business District of McKeesport, and the trial court correctly reversed the order of the Board. We therefore affirm the order of the trial court reversing the Board, and direct the issuance of the certificate of occupancy to Appellee.

ORDER

AND Now, March 7, 1985, the decision of the Court of Common Pleas of Allegheny County in the above-captioned matter, is affirmed, and the Zoning Administrative Officer of McKeesport is directed to issue a Certificate of Occupancy to Lloyd F. Laird, Jr.

Judge WILLIAMS, JR.. did not participate in the decision in this case.

---

[4] Residents testified about the past and current problems of the area, and the need for better police protection. Testimony indicated that almost *any* of the permitted commercial uses of the subject property would provide a place in which local youth would congregate and so potentially cause trouble for the neighborhood.