535 A.2d 261

Elias N. Kassouf, Appellant *v.* Zoning Hearing Board of Scott Township, and Township of Scott, Appellees.

Argued October 8, 1987, before Judges MacPhail and Palladino, and Senior Judge Barbieri, sitting as a panel of three.

*Patrick J. Clair,* with him, *Frederick A. Boehm, Goehring, Rutter & Boehm,* for appellant.

*Richard A. Ferris, Ferris, DiPaolo & Russo,* for appellee, Township of Scott.

OPINION BY JUDGE PALLADINO, December 24, 1987:

Elias N. Kassouf (Appellant) appeals from a decision of the Allegheny County Court of Common Pleas, affirming the denial of a use variance by the Zoning Hearing Board of Scott Township (Board).

Appellant owns a tract of land in Scott Township in an R-1 district. The R-1 classification permits only single family detached dwellings. Appellant asserted entitlement to a variance to build 117 townhouses on the ground that the topography of the property makes a single family dwelling development prohibitively expensive. In support of his entitlement to a variance, Appellant presented the testimony of an engineer, a real estate appraiser, and a landscape architect.

Frederick Omar, a registered professional engineer, testified that he had, at Appellant's request, prepared a subdivision creating single family detached dwellings. N.T. at 40. Mr. Omar stated that the maximum number of lots the property could be divided into was sixty-

three. N.T. at 40-41. Mr. Omar also stated that although the property could hold 63 lots, much of the development would be costly because of the steeply sloping land and the extensive grading which would be necessary. N.T. at 45-47 and 53. Steven Victor, a landscape architect, also testified as to the steep slopes of the property.

Appellant also presented the testimony of John K. Ellis, a real estate broker and appraiser. Mr. Ellis testified to the extreme topography of the land and stated it would not be economically feasible to subdivide the land into single family residential lots. N.T. at 66-67. Mr. Ellis also stated the range of new home prices in the area surrounding the property in question was $52,500 to $84,000 with a lot cost of approximately $20,000. N.T. at 67. Mr. Ellis testified that because the lot cost for the land in question would be over $40,000, the cost of homes on those lots would be far above the price range of comparable existing homes in the area. N.T. at 69.

The Township presented the testimony of Donald W. Tate, a registered professional engineer. Mr. Tate testified he was familiar with the property in question and indicated development within the R-1 strictures was perfectly feasible if lots were not maximized. N.T. at 74-76. While conceding that the topography in some areas of the parcel was extreme, Mr. Tate stated the most steeply sloped areas should be "throw away areas" so as to reduce the overall grading costs, N.T. at 75-76, and thereby reduce the cost per lot.

The Board denied the requested variance, noting that financial hardship alone is not enough to support the grant of a variance and that a single family dwelling development would not be prohibitively expensive if Appellant did not maximize the number of lots. Appellant appealed the Board's decision to the trial court. The trial judge appointed a zoning referee, and the referee's

opinion, adopted by the trial court, affirmed the Board's denial of the variance. Accordingly, the trial court dismissed Appellant's appeal. Appeal to this court followed.

Appellant presents three issues for our review: 1) Are the Board's findings supported by substantial evidence; 2) Did the Board abuse its discretion or commit legal error in denying Appellant's requested variance; and 3) Does the R-1 classification deny Appellant the reasonable use of his property, resulting in an impermissible confiscation. For the reasons which follow, we affirm.

Where, as here, the trial court did not take additional evidence, our scope of review is limited to a determination of whether the Board abused its discretion or committed an error of law. *Andreucci v. Zoning Hearing Board of Lower Milford Township,* 104 Pa. Commonwealth Ct. 223, 522 A.2d 107 (1987). Abuse of discretion will be found only where the Board's findings of fact are not supported by substantial evidence. *Id.;* Section 1010 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11010. Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983). With these principles in mind, we shall address Appellant's issues in order.

Appellant first argues the Board's findings are not supported by substantial evidence. Appellant disputes, specifically, the Board's fourth and fifth findings, which are as follows:

4. The Petitioner can develop single family residential lots though perhaps not a total of 63 in conformity with the Township's existing R-1 zoning regulations within the subject property. The property has, therefore, not been rendered

valueless by the Township's existing zoning regulations.

5. The Petitioner has failed to show any physical characteristic of the property which would act as a unique hardship attributable or peculiar to the subject property and which would prohibit its development as presently zoned.

Appellant contends these findings can only be based on the testimony of Mr. Tate, and that Mr. Tate's testimony does not rise to the level of substantial evidence. We disagree with the latter contention.

Mr. Tate's suggestion that the lots not be maximized and the steepest slopes not be developed is reasonable and supports the Board's conclusion. Although Appellant did indeed present a persuasive, competent and well considered case that the topography was extreme and development would be expensive, the Board was under no obligation to be persuaded when substantial evidence was presented to support its findings. *Higgins v. Township of Radnor,* 13 Pa. Commonwealth Ct. 195, 318 A.2d 761 (1974).

Appellant next contends the Board abused its discretion or committed an error of law in denying the variance. Appellant asserts he established that the extreme topography of the property made development within the confines of the zoning ordinance prohibitively expensive, and therefore he established entitlement to a variance. It is not disputed that the property is, in places, "hilly and unique", but extreme topography is not, in and of itself, legally sufficient to make the grant of a variance necessary. Section 912 of the Pennsylvania Municipalities Planning Code, 53 P.S. §10912 provides, in part:

The board may grant a variance provided the following findings are made where relevant in a given case:

(1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property, and that the unnecessary hardship is due to such conditions, and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located;

(2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property.

As noted above, the Board found single family dwelling development was economically feasible and that, therefore, Appellant was not denied the reasonable use of his property. Those findings are supported by the testimony of Mr. Tate, which we have concluded constitutes substantial evidence. Accordingly, Appellant's argument must fail.

Appellant also argues that the denial of the variance is confiscatory. However, the Board found Appellant has not been denied the reasonable use of his property. Appellant's confiscation argument is without merit.

Given our narrow scope of review, the decision of the trial court is affirmed.

ORDER

AND NOW, December 24, 1987, the decision of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.