550 A.2d 876

Joseph Bene and Adriana Bene, Appellants *v.* Zoning Hearing Board of Windsor Township, Appellee.

Argued September 15, 1988, before Judges PALLA-DINO and SMITH, and Senior Judge BARBIERI, sitting as a panel of three.

*Victor A. Neubaum, Malone & Neubaum,* for appellants.

*Byron H. LeCates, Smith & LeCates,* for appellee.

*David Schaumann, Blakey, Yost, Bupp & Schaumann,* for intervening appellee, Shipley-Humble, Inc.

OPINION BY JUDGE PALLADINO, December 1, 1988:

Joseph Bene and Adriana Bene (Appellants) appeal an order of the Court of Common Pleas of York County (trial court) denying their appeal from a decision of the Zoning Hearing Board of Windsor Township (ZHB) which granted the application of Shipley-Humble, Inc. (Applicant) for a building permit. We affirm.

Applicant operated a gas station in Windsor Township in a commercially zoned district. On February 21, 1986, Applicant applied to the ZHB for a variance from the setback requirements of the zoning ordinance because Applicant planned to construct an automatic car wash on its property. After a hearing, by decision dated March 26, 1986, the ZHB denied the variance. However, during the course of the hearing, two members of the ZHB referred to the proposed car wash as an "accessory use" to the gas station. Appellants were present at the hearing, but did not appeal the decision of the ZHB.

After Applicant submitted a modified application with different setbacks, the zoning officer issued a building permit to Applicant on April 17, 1986. On May 19, 1986, Appellants appealed the issuance of the building permit to the ZHB. At approximately the same time, Applicant applied for a hearing before the ZHB for (1) an interpretation of the zoning ordinance which would allow the car wash as an accessory use or, in the alternative, (2) a special exception for the car wash, and (3) a variance from the setback requirements.

The ZHB held several more hearings and, on July 23, 1986, again denied the variance. However, the ZHB split its vote on the issue of the car wash as an accessory use.[1] Appellants did not appeal the July 23, 1986 decision of the ZHB to the trial court. On September 3, 1986, Applicant submitted yet another building permit

---

[1] Although the ZHB was comprised of three members, only two members were voting at the July 23, 1986 meeting and subsequent meetings because one member abstained on the ground of a conflict of interest. We note that an evenly divided vote of a zoning hearing board does not constitute the absence of a decision, but is instead a denial of the action requested from the board. *Giant Food Stores, Inc. v. Zoning Hearing Board of Whitehall Township*, 93 Pa. Commonwealth Ct. 437, 501 A.2d 353 (1985).

application to the zoning officer, who referred the matter to the ZHB. After still more hearings, by decision dated October 20, 1986, the ZHB voted 2-0 in favor of Applicant, concluding that the car wash was an accessory use and, hence, a permitted use under the zoning ordinance. The ZHB directed the zoning officer to issue the permit if he found that all other ordinance requirements were met. On November 28, 1986, the zoning officer issued the permit.

On November 18, 1986, Appellants filed an appeal with the trial court of the ZHB's October 20, 1986 decision. By order dated September 25, 1987, the trial court granted Appellants' motion to vacate the ZHB's decision and remanded the matter to the ZHB for testimony on whether the car wash was an accessory use to this particular gas station. After taking additional testimony, the ZHB determined that the car wash *was* an accessory use and, therefore, a permitted use under the ordinance. Appellants appealed to the trial court, which denied their appeal by order dated February 8, 1988.

On appeal to this court,[2] Appellants argue that the ZHB abused its discretion in determining that the car wash was an accessory use. Appellants also contend that the ZHB erred in concluding that the car wash did not have to qualify as a special exception where the gas station, as the primary use, *did* have to qualify as a special exception. Applicant contends that the trial court was without jurisdiction to consider the proper interpretation of the zoning ordinance, asserting that Appellants

---

[2] Our scope of review where the trial court has taken no additional evidence is limited to a determination of whether the zoning hearing board has committed a manifest abuse of discretion or an error of law. *Kassouf v. Scott Township Zoning Hearing Board,* 112 Pa. Commonwealth Ct. 182, 535 A.2d 261 (1987). An abuse of discretion will be found only where the findings of the zoning hearing board are unsupported by substantial evidence. *Id.*

erroneously appealed an advisory opinion of the ZHB (the October 20th decision) rather than the actual issuance of the permit by the zoning officer on November 28, 1986. Applicant also argues that Appellants should be precluded from raising the accessory use issue because they never appealed the ZHB's decisions of March 26, 1986 and July 23, 1986.

## JURISDICTION

Applicant first contends that the trial court lacked jurisdiction over Appellants' appeal from the ZHB's October 20th decision. We note that section 1007 of the Pennsylvania Municipalities Planning Code (MPC)[3] provides in pertinent part:

> Persons aggrieved by a use or development permitted on the land of another who desire to secure review or correction of a decision or order of the governing body or of any officer or agency of the municipality which has permitted the same, on the grounds that such decision or order is not authorized by or is contrary to the provisions of an ordinance . . . shall first submit their objections to the zoning hearing board. . . .

This section also provides that any party aggrieved by the decision of the zoning hearing board may then take an appeal to the court of common pleas. *Id.* Applicant contends that Appellants' failure to appeal to the ZHB the actual issuance of the permit by the zoning officer divests the trial court of jurisdiction.

However, section 603 of the MPC states that a zoning ordinance may contain provisions for the administration and enforcement of an ordinance. 53 P.S. §10603. Article IX, section 901 of the Windsor Township, York County Zoning Ordinance provides that the zoning of-

---

[3] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11007.

ficer may issue or deny a zoning permit *or may refer an application to the ZHB*. Article IX, section 902 of the Ordinance states that the zoning officer may issue a permit for a permitted use on his own authority, but a permit for a special exception may be issued by the zoning officer after a review and upon the order of the ZHB.

Thus, the Ordinance clearly authorizes the procedure employed by the zoning officer in this case in referring Applicant's building permit application to the ZHB. After such referral, the ZHB voted in favor of Applicant's request and directed the issuance of the permit by its decision of October 20, 1986. Applicant argues that the ZHB's decision constitutes an unappealable advisory opinion and contends that Appellants should have waited to appeal until the zoning officer actually issued the permit. Given the facts of this case, we decline to so hold. We cannot conclude that the ZHB's decision was merely an advisory opinion. *See H.R. Miller Co., Inc. v. Bitler,* 21 Pa. Commonwealth Ct. 466, 346 A.2d 887 (1975). Instead, the ZHB was ruling on a specific permit application referred to it by the zoning officer under the provisions of the Zoning Ordinance. Accordingly, we conclude that the trial court properly assumed jurisdiction over Appellants' appeal.

### PRIOR DECISIONS OF ZHB

Applicant next contends that Appellants are precluded from raising the accessory use issue now because the ZHB's decisions of March 26, 1986 and July 23, 1986 resolved that issue and Appellants never appealed those decisions. The trial court found that Appellants' failure to appeal the two prior decisions of the ZHB was not dispositive, concluding that the ZHB had never made findings of fact or conclusions of law on the accessory use issue.

The trial court stated that Appellants were not aggrieved by the ZHB's March 26th decision. Review of the transcript of the March 26th hearing discloses that the proceedings involved only Applicant's request for, and the ZHB's *denial* of, a variance. Although two ZHB members commented that the car wash would be an accessory use to the gas station, the accessory use issue was not actually litigated. Further, the trial court determined that in rendering its July 23rd decision, the ZHB did not take into consideration the relationship between *Applicant's* gas station and car wash but based its decision on the relative uses of car washes and service stations in general. Finding no determination on the merits of the accessory use issue and insufficient evidence in the record for meaningful review, the trial court concluded that a remand was warranted. This court has held that principles of res judicata are to be applied sparingly in zoning cases. *Bell v. Zoning Board of Adjustment,* 84 Pa. Commonwealth Ct. 347, 479 A.2d 71 (1984). Accordingly, we will not disturb the determination of the trial court.

## ACCESSORY USE

Appellants contend that the ZHB abused its discretion in finding that the car wash was an accessory use to the gas station. An abuse of discretion will be found only where the ZHB's findings of fact are not supported by substantial evidence. *Kassouf v. Scott Township Zoning Hearing Board,* 112 Pa. Commonwealth Ct. 182, 535 A.2d 261 (1987). Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

Article II, section 202 of the Ordinance defines accessory use as "[a] subordinate building or use or a portion of the main building on the lot, the use of which is customarily incidental to that of the main or principal

building." At the hearing on November 25, 1987, Applicant presented testimony comparing the respective revenues and customer markets of the gas station and car wash.[4] Based upon this testimony, the ZHB found that the car wash was not operating at a profit, but that the marketing strategy employed by Applicant did not require the car wash to be a profitable enterprise. Findings of Fact Nos. 15, 17. The ZHB further found that from June to October of 1987, the average number of customers purchasing car washes represented 7.4% of the total number of customers at both the gasoline and car wash facilities, that average car wash sales amounted to 3.3% of average total sales, and that only 1.6% of the customers purchased a car wash without also purchasing gas. Finding of Fact No. 10. Additionally, the ZHB found that Applicant's car wash was designed primarily to provide another service for the convenience of the gasoline customers. Finding of Fact No. 16.

Appellants argue that the testimony presented by Applicant was misleading because the financial data on the car wash was compiled at the time when the car wash was just commencing business. Appellants also contend that there is evidence in the record that the car wash and gas station are operated independently from one another, maintain different hours, and have separate managers and employees.

This court has frequently held that questions of witness credibility and evidentiary weight are within the province of the factfinder. *See Spencer v. Rockland Township Zoning Hearing Board,* 111 Pa. Commonwealth Ct. 111, 533 A.2d 497 (1987). After careful review of the record, we conclude that the ZHB's findings

---

[4] Notwithstanding the appeal of the building permit issued to Applicant, Applicant constructed the car wash and commenced operation in May of 1987.

are supported by substantial evidence and we find no abuse of discretion in its determination that the car wash was incidental to the operation of the gas station.

## PERMITTED USE

Lastly, Appellants assert that the ZHB erred as a matter of law in concluding that the car wash did not have to qualify as a special exception. Appellants contend that because the gas station, as the primary use of the property, was required to qualify as a special exception under the Ordinance, the car wash, as an accessory use, cannot achieve a greater level of permissibility.

Article V, section 501 of the Ordinance provides that a gasoline station is a use allowed only by special exception in a commercial district.[5] However, the Ordinance includes accessory buildings and uses in its list of *permitted* uses in a commercial district.[6] The table of uses in the Ordinance is subject to two possible interpretations: (1) accessory uses are permitted uses *only* if the primary use is also a permitted use or (2) accessory uses are permitted uses *regardless* of whether the primary use is a permitted use or is allowed only by special exception or as a conditional use.

The ZHB in this case chose the latter interpretation and determined that the car wash was a permitted use

---

[5] Article II, section 202 of the Ordinance defines special exception as follows:

[a] use permitted only after review and approval by the Zoning Hearing Board. In order to be granted, the use must be consistent with the public interest and it must meet the standards established in the ordinance as well as other reasonable conditions or safeguards attached by the board.

[6] In technical zoning jargon, a permitted use refers to a use which is allowed absolutely and unconditionally. *Laird v. City of McKeesport*, 88 Pa. Commonwealth Ct. 147, 489 A.2d 942 (1985).

as of right and need not qualify as a special exception. We find no error in this conclusion. This court has held that when interpreting a zoning ordinance governing permitted uses, we must give the landowner the benefit of the interpretation which is least restrictive of his use and enjoyment of the property. *Laird v. City of McKeesport*, 88 Pa. Commonwealth Ct. 147, 489 A.2d 942 (1985).

Accordingly, we affirm.

### ORDER

AND NOW, December 1, 1988, the order of the Court of Common Pleas of York County in the above-captioned matter is affirmed.

Judge MACPHAIL did not participate in the decision in this case.