560 A.2d 919

**Mr. and Mrs. Charles LOVEALL et al., Appellants,**

**v.**

**ZONING HEARING BOARD OF the TOWNSHIP OF ELIZABETH and Elizabeth Township Sportsmen's Association, Inc., Appellees.**

Commonwealth Court of Pennsylvania.

Argued May 4, 1989.

Decided June 22, 1989.

Reargument Denied Aug. 31, 1989.

Petition for Allowance of Appeal Denied March 2, 1990.

T.J. Kratzenberg, Kratzenberg, Shields & Lesko, P.C., White Oak, for appellants.

Charles L. Holsworth, Hess, Reich, Georgiades, Wile & Homyak, P.C., Timothy P. O'Reilly, Pittsburgh, for appellee, Zoning Hearing Board of the Township of Elizabeth.

Before CRAIG and DOYLE, JJ., and KALISH, Senior Judge.

CRAIG, Judge.

More than 120 owners of single-family homes in Elizabeth Township (the neighbors) appeal the order of the Court of Common Pleas of Allegheny County which dismissed the neighbors' appeal from a decision of the Elizabeth Township zoning Hearing Board which affirmed a zoning officer's grant of a permit authorizing the Elizabeth Township Sportsmen's Association to construct a rifle range for the use of the club's members on land adjacent to, or in proximity to, the neighbors' homes. We reverse.

A township zoning officer granted a grading permit to the Association on April 8, 1987; the grading permit evidenced zoning approval of the proposed use. As provided in section 909 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53

P.S. § 10909, the neighbors appealed that approval to the Zoning Hearing Board, claiming that the officer had failed to follow ordinance procedures or had misinterpreted or misapplied the township's ordinance.

The neighbors argued to the board that the proposed range is not "open land recreation," a permitted use under the ordinance, but rather, that the Association constitutes a "private club," a use that the ordinance does not permit in the R–1 rural residential district in which the Association's land is located. The neighbors also argued that, even if the range is a permitted use, the zoning officer nevertheless failed to consider properly the performance standards set forth in Section 405 of the ordinance, as the ordinance requires.

The board sent a letter to the neighbors on June 23, 1987, stating that the zoning officer's decision was proper. The board issued its affirming decision, including findings of fact, after that date.[1] However, that decision only addressed the issue of whether the proposed use is permitted in a rural residential district. The board did not discuss whether the zoning officer properly considered section 405's performance standards.

Here, in attacking the trial court's dismissal of their appeal to it, the neighbors raise three issues: (1) that the board erred in concluding that the proposed use constituted open area recreation, a permitted use under the ordinance, rather than a private club, which is not a permitted use in the R–1 residential district in which the Association's and the neighbors' land is located;[2] (2) that the board erred in failing to find that the zoning officer improperly granted the permit without following the ordinance's mandate to

1. Although the neighbors argue that the board did not include in its decision findings of fact and conclusions based on those findings as MPC section 908(9), 53 P.S. § 10908(9), requires, we note that the board did send a formal decision to the trial court on August 11, 1987.

2. This court recently considered a similar issue in *County of Northampton, Department of Public Works, Division of Parks and Recreation v. Zoning Hearing Board of Upper Nazareth Township*, 126 Pa.Commonwealth Ct. 676, 560 A.2d 315 (No. 2182 C.D.1988, filed May 1, 1988).

consider the performance standards with which all permitted uses must comply; and, (3) that the board erred in failing to comply with the MPC's requirement that a zoning hearing board make findings of fact and conclusions of law in issuing a decision. Section 908(9) of the MPC, 53 P.S. § 10908(9).

Our scope of review in a case in which the trial court takes no additional evidence is limited to a determination of whether the findings of the zoning hearing board are supported by substantial evidence and whether the board abused its discretion or committed an error of law. *Laird v. City of McKeesport,* 88 Pa.Commonwealth Ct. 147, 489 A.2d 942 (1985). Although the trial court also correctly identified the standard of review, we disagree with the court's conclusion.

Because we agree with the neighbors' second argument, that the record does not contain any evidence which would support a finding that the use complies with the ordinance's performance standards, we need not address the neighbors' other arguments.

Assuming, for the purpose of analysis, that the rifle range can constitute a "permitted use" as "open area recreation," we must note that section 203 of the ordinance states:

Permitted uses: The permitted uses for each district are shown on Table 201. Uses not specifically listed shall not be permitted. All permitted uses shall comply with the Performance Standards set forth in Section 405 of this Ordinance.

Thus, when a zoning officer concludes that a particular use is permitted, section 203 of the ordinance places on the officer the additional affirmative duty to make a determination regarding whether the use satisfies the performance standards set out in section 405:

PERFORMANCE STANDARDS: All permitted uses and conditional uses shall comply with the requirements of this section. In order to determine whether a proposed

use will conform to the requirements of this Ordinance, the Board of Commissioners may obtain a qualified consultant to testify, whose cost for services shall be borne by the applicant.

The substantive requirements of section 405, which may apply to a rifle range, include:[3]

405.3 Noise: Noise which is determined to be objectionable because of volume, frequency, or beat shall be muffled or otherwise controlled, except fire sirens and related apparatus used solely for public purposes shall be exempt from this requirement.

405.4 Vibrations: Vibrations detectable without instruments on neighboring property in any district shall be prohibited.

Although the Association argues that the township commissioners conducted on-the-spot noise tests before the zoning officer decided to grant the permit, that evidence is not in the record. In affirming the zoning officer's decision, the board apparently relied on statements counsel for the Association made in the hearing before the board regarding those noise tests; such statements are not evidence. Moreover, although the township's and the Association's petitions to intervene in the trial court aver that the "township and not the zoning hearing board," determined in an earlier proceeding that the target range is a permitted use in a rural residential district and that the neighbors should have challenged the result of that earlier proceeding, the record does not contain any evidence of such a proceeding. Neither a zoning hearing board nor a trial court in reviewing an appeal from a zoning officer may consider evidence that is not in the record.

In order to support an affirmance of the zoning officer's decision, the ordinance and the MPC require the board to make findings based on substantial evidence. In this case,

---

**3.** Here, the "permitted use" with performance standards can be regarded as a special exception, *Bray v. Zoning Board of Adjustment*, 48 Pa.Commonwealth Ct. 523, 410 A.2d 909 (1980), however, the parties have not raised that issue.

the board made no findings regarding compliance of the proposed use with section 405. Furthermore, after examining the record, we have found no evidence which could support such a finding. Because no evidence exists in the record upon which the board could have made that finding, we reverse.

### ORDER

NOW, June 22, 1989, the decision of the Court of Common Pleas of Allegheny County, dated May 25, 1988, at NO. S.A. 1421 of 1987 is reversed.