613 A.2d 662

John MIRKOVIC, Appellant,

v.

ZONING HEARING BOARD OF SMITHFIELD TOWNSHIP, Appellee.

Commonwealth Court of Pennsylvania.

Argued June 15, 1992.

Decided Aug. 6, 1992.

David A. Martino, for appellant.

Daniel M. Corveleyn, for appellee.

Before PALLADINO and FRIEDMAN, JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

John Mirkovic (Appellant) appeals an order of the Court of Common Pleas of Monroe County (trial court) which affirmed the decision of the Zoning Hearing Board of Smithfield Township (Board).

Appellant owns property adjacent to property owned by Kevin Snyder (landowner). The properties are separated by a roadway known as Lost Lane. On May 16, 1988, landowner received a building permit to construct a garage on his property. Landowner proceeded to construct a two-story building which was to be attached to the house by a breezeway. In October of 1989, upon inspection of the property, the township zoning officer noted an apparent discrepancy between the construction actually occurring and the construction that he understood to be authorized by the permit. As a

result, Landowner was ordered by the zoning officer to cease and desist construction on the ground that the building that was being constructed was in violation of the height requirements of the township zoning ordinance. Landowner then applied for a variance from the height restrictions. A hearing was held at which Appellant appeared and objected to the granting of a variance on the ground that the structure violated setback requirements of the township ordinance. The Board instructed landowner that if he constructed a breezeway attaching the garage to the house, he would not be in violation of the height requirements of the township ordinance. The question of the setback requirements was not addressed by the Board. In a written opinion, the Board recommended that landowner withdraw his application for a variance from the height restrictions of the ordinance because it determined that no variance was necessary. The Board also recommended that landowner submit an application for a building permit to construct an attached garage and porch to the principal residence, as opposed to a detached garage.

On January 8, 1990, landowner filed an application for a zoning permit and requested a variance from setback requirements. After a hearing, the Board granted the variance and held that landowner had a vested right to the use of his property in violation of the setback requirements of the ordinance. Appellant appealed to the trial court which held that the Board abused its discretion by granting the variance but upheld the decision of the Board on the ground that landowner had obtained a vested right to the variance.

■ On appeal,[1] Appellant raises the following issue: whether the trial court erred by holding that landowner had a vested right to the existing use of the property (for a garage) pursuant to *Petrosky v. Zoning Hearing Board of Upper Chichester Township*, 485 Pa. 501, 402 A.2d 1385 (1979).

1. Where, as here, the trial court took no additional evidence, our scope of review is limited to a determination of whether the Board abused its discretion or committed an error of law. *Kassouf v. Zoning Hearing Board of Scott Township and Township of Scott*, 112 Pa.Commonwealth Ct. 182, 535 A.2d 261 (1987).

In *Petrosky,* the supreme court set forth five factors for determining whether a landowner has acquired vested rights as the result of the permit issued by a government body. The five factors are as follows:

1) his [landowner's] due diligence in attempting to comply with the law;

2) his [landowner's] good faith throughout the proceedings;

3) the expenditure of substantial unrecoverable funds;

4) the expiration without appeal of the period during which an appeal could have been taken from the issuance of the permit;

5) the insufficiency of the evidence to prove that individual property rights or the public health, safety or welfare would be adversely affected by the use of the permit.

*Id.* at 507, 402 A.2d at 1388.

## I.

■ Appellant argues that the Board should not have considered whether landowner had acquired a vested right to the use of the property in violation of the ordinance, because Appellant argues there was no permit in existence at the time of the hearing on the January 8, 1990 application for a building permit and variance which could give rise to a vested right in landowner. Appellant argues that the Board could not consider whether the May 16, 1988 permit gave rise to a vested right in landowner because (1) landowner "did not appeal the prior decision of the Board directing that he withdraw his permit of May 16, 1988", and (2) landowner filed a new application for a permit and a request for a variance on January 8, 1990. Appellant's Brief at 7. Appellant's argument lacks merit.

First, Appellant misstates the Board's recommendation to landowner. The Board recommended that landowner withdraw his application for a variance from the height restrictions of the ordinance because the Board had determined that no variance was necessary. The Board also recommended that landowner submit an application for a building permit for permission to construct an attached garage and porch to the principal residence, as opposed to a detached garage. There

is nothing in the record to indicate that the May 16, 1988 permit has ever been "withdrawn" by landowner, and Appellant concedes that the permit was never revoked by the township. Appellant's brief at 8.

Second, in a vested rights case the question presented is whether a landowner has a vested right in the existing use of his property as a result of a permit issued by a government body. See *Petrosky*. The only permit issued in this case is the May 16, 1988 permit, pursuant to which landowner commenced construction of a garage on his property. Therefore, the question in this case is whether as a result of the May 16, 1988 permit, landowner has acquired a vested right to continue to use his property for a garage. The filing of a new application by landowner, at the direction of the Board, does not change the fact that landowner constructed a building in reliance on the May 16, 1988 permit. Therefore, we hold that the Board did not err by considering whether landowner had acquired a vested right as a result of the May 16, 1988 permit.

## II.

We turn next to the five factors set forth in *Petrosky*. It is clear from the language of the supreme court's holding in *Petrosky* that the five factors are to be used by the courts as guidelines in balancing the rights of landowners (to the use of their property in accordance with an erroneously issued permit) against the right of the township to enforce its ordinance. The supreme court's holding was as follows:

All of the relevant factors to be considered in determining whether a citizen has acquired a vested right leads [sic] us to the conclusion that the facts weigh heavily in favor of appellants and they are therefore entitled to continue the use of their property, even though the setbacks are less than required by the zoning ordinance.

*Id.* at 511, 402 A.2d at 1390. *See also Three Rivers Youth v. Zoning Board of Adjustment for the City of Pittsburgh,* 63 Pa.Commonwealth Ct. 184, 437 A.2d 1064 (1981).

Appellant argues that landowner failed to prove that any of the factors set forth in *Petrosky* are present in this case. We will consider each factor seriatim.

With respect to the first factor, landowner's due diligence in attempting to comply with the law, Appellant argues that landowner did not exercise due diligence because he failed to show an existing private roadway (i.e. Lost Lane) on his application. Appellant argues that had the roadway been shown on the application, the zoning officer could easily have determined that the proposed structure violated the setback requirements.

The trial court held that the following facts supported the Board's conclusion that landowner exercised due diligence: 1) landowner submitted an application showing the dimensions of his building, and 2) the township zoning officer visited landowner's premises twice without mention of the setback requirement. In *Petrosky*, the facts upon which the supreme court relied to determine that the landowners in that case had exercised due diligence were almost identical. There, 1) the property owners applied as required for the proper permits and 2) the township building inspector visited the site on three different occasions and at no time informed the property owners that any problem existed. Therefore, we hold that the landowner in this case exercised due diligence and has established that the first factor is present in this case.

The second factor to be considered in a vested rights case is landowner's good faith throughout the proceedings. Appellant argues that landowner did not act in good faith by neglecting to show Lost Lane on his application and by allegedly acquiring a permit to build a one-story detached garage but then proceeding to build a two-story attached addition to his home.

The trial court held that, with respect to Lost Lane, the record revealed that landowner "overcrowded the application with information ... [but] ... left out the fact that a private road existed near his property." Trial Court's Opinion at 10. However, the trial court found that there was no evidence in the record of intentional misrepresentation of fact on the part

of landowner, and our review of the record reveals no such evidence.

With respect to landowner's alleged failure to show, on the application for the building permit, that the house would be connected to the garage, the Board found that the confusion about whether the house and garage would be connected was a misunderstanding on the part of the zoning officer who "erroneously issued a Cease and Desist order." Board's Opinion of April 3, 1990 at 14. There is no evidence in the record that landowner intended to misrepresent what type of structure he intended to build. Because we have found no evidence in the record to support either of Appellant's allegations of landowner's bad faith, and because the Board's finding that landowner acted in good faith by submitting an application showing the dimensions of his building is supported by the record, we hold that landowner has established that the second factor is present in this case.

The third factor to be considered is whether there has been an expenditure of substantial unrecoverable funds on the part of landowner. The trial court held that the Board erred by concluding that the third factor was present because landowner failed to present evidence to prove that the garage could not be constructed in another location on landowner's property in accordance with the setback requirements of the ordinance. The trial court held that the case at bar could be distinguished from *Petrosky* with respect to the third factor because landowner presented no evidence in the case at bar that the garage could not be constructed in another location on the property and still conform to the setback requirements.

The Board made the following finding with respect to this issue:

9. The reason Mr. Snyder [landowner] could not move the new structure further aware [sic] from Lost Lane is because the septic tank which services his dwelling is located directly in the rear of the present addition. In order to construct the garage and breezeway attached to the southerly portion

of the house, it would be necessary for the applicant and his family to exit the garage directly into the bedroom.

Board's Opinion of April 3, 1990 at 9–10.

A review of the record reveals the following testimony of landowner:

> MR. SNYDER: ... The problem would be like even to move it back my septic tank is right behind it, that's the whole reason—between that and the fact that I wanted to enter my living—to build it anywhere else on my property I didn't think about because the breezeway's entering the living room and the septic tank is right behind the garage which makes it hard to even push it back. Probably if I would have known this was a problem I could have built on the other side but I would have entered my garage from my bedroom.

N.T. at 19.

The above testimony constitutes substantial evidence to support the Board's finding that landowner had expended substantial funds which were unrecoverable because the garage could not be moved to another location on the property to conform to the setback requirements. Therefore, we hold that landowner has established that the third factor is present in this case.

The fourth factor is the expiration without appeal of the period during which an appeal could have been taken from the issuance of a permit. Appellant argues that the trial court erred by holding that this factor was applicable in the case at bar because the May 16, 1988 permit was "voluntarily withdrawn" by landowner. Appellant's brief at 8. Therefore, Appellant contends, there was no relevant appeal period and the fourth factor is not present in this case. In section I of this opinion we determined that the May 16, 1988 permit was not "withdrawn" and that the May 16, 1988 permit is the permit which we must consider here to determine whether landowner has acquired a vested right. Appellant does not dispute the fact that the period during which an appeal of the

granting of the May 16, 1988 permit could have been taken has long since expired. Therefore, we hold that landowner has established that the fourth factor is present in this case.

■ The fifth and last factor to be considered is the insufficiency of the evidence to prove that individual property rights or the public health, safety or welfare would be adversely affected by the use of the permit. Appellant argues that the trial court erred by placing the burden on Appellant, not landowner, to establish that there would be an adverse effect in this case.

In *Petrosky*, the court held that a vested right existed because "sufficient evidence *was not* introduced to establish any significant adverse effect because of a violation of setback requirements as distinguished from adverse effects, on nearby residents, lawfully created as a result of light industrial zoning." *Id.* at 511, 402 A.2d at 1390 (emphasis added). It is clear from this language that evidence of adverse effects must be introduced by objectors because it would be illogical to require a landowner (the person seeking to establish a vested right) to establish, against his interest, that significant adverse effects would result from the use of the permit.

The trial court held that the only evidence of an adverse effect was Appellant's testimony that landowner's failure to comply with setback requirements would pose a safety hazard because 1) landowner would create an obstruction on Lost Lane when he backs his truck out onto the lane which supplies access to Appellant and one other landowner, and 2) landowner's garage would block visibility on Lost Lane even though there is approximately 325 feet of unobstructed view on the road prior to reaching the garage. Our review of the record reveals no other evidence of adverse effect than that described by the trial court and we agree with the trial court that the "evidence demonstrating causal connection between the public safety and the placement of the garage is obviously tenuous at best." Trial Court's Opinion at 13. Therefore, we hold that

landowner has established that the fifth factor is present in this case in that there is insufficient evidence to prove that individual property rights or the public health, safety or welfare would be adversely affected by the use of the permit.

 Because we have determined that all five of the factors have been proven to be present in the case at bar [2] and because these factors weigh heavily, as they did in *Petrosky*, in the favor of the landowner, we affirm the order of the trial court.

## ORDER

AND NOW, August 6, 1992, the order of the Court of Common Pleas in Monroe County in the above-captioned matter is affirmed.

**2.** We note parenthetically that the law of Pennsylvania does not require that landowner establish that all five factors are present in order to be entitled to a vested right. In *Highland Park Community Club v. Zoning Board of Adjustment of the City of Pittsburgh*, 82 Pa.Commonwealth Ct. 380, 475 A.2d 925 (1984), *aff'd*, 509 Pa. 605, 506 A.2d 887 (1986), although the court held that a vested right was not established when three of the factors had not been met, the court also stated the following: "neither this Court in [*Department of Environmental Resources v.*] *Flynn* [21 Pa.Commonwealth Ct. 264, 344 A.2d 720] [(1975)] nor our Supreme Court in *Petrosky* held that all five factors were absolute requirements...." *Highland Park*, 82 Pa.Commonwealth Ct. at 384 n. 6, 475 A.2d at 927 n. 6. Further, the commonwealth court has held that a vested right was acquired when only four of the five factors were met. *Three Rivers Youth v. Zoning Board of Adjustment for the City of Pittsburgh*, 63 Pa.Commonwealth Ct. 184, 437 A.2d 1064 (1981).