IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Northeastern Eye Institute,      :
            Petitioner      :
         :
         v.      :
         :
Unemployment Compensation      :
Board of Review,      :    No. 1368 C.D. 2016
            Respondent      :    Submitted: January 6, 2017


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE JOSEPH M. COSGROVE, Judge


OPINION
BY JUDGE COSGROVE              FILED: December 27, 2017

Northeastern Eye Institute (Employer) petitions for review of the July 14, 2016 Order of the Unemployment Compensation Board of Review (Board), reversing the Decision of the Referee which denied unemployment compensation (UC) benefits to Ann M. Ritterbeck (Claimant). The Board concluded Claimant was not barred from receiving UC benefits by Section 402(b) of the Unemployment Compensation Law (UC Law), [1] because she established a necessitous and compelling reason for voluntarily terminating her employment. Upon review, we vacate the order of the Board and remand for further proceedings consistent with this opinion.

---

[1] Section 402(b) of the UC Law provides that an employee shall be ineligible for compensation for any week "[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature." Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

Claimant worked as a licensed practical nurse for Employer from August 26, 2013 to January 15, 2016. When Claimant was initially hired, her work schedule was Monday through Friday, 7:30 a.m. to 4:30 p.m., and Employer employed three nurses. However, due to nurses leaving, Claimant was required to take on a heavier workload, to work mandatory overtime nearly every day, and to be on-call every weekend. On Wednesdays, Claimant would work at the hospital from 7:00 a.m. to as late as 11:00 p.m. Claimant consistently complained to Employer about the increased workload and accompanying stress. Employer, however, offered no accommodation. In November or December of 2015 Claimant requested to reduce her work schedule to three days per week, but Employer refused. Because of the excessive hours, Claimant voluntarily terminated her employment with Employer on January 15, 2016. Thereafter, Claimant filed for UC Benefits. (Board's Order, 4/15/16, at 1-2.)

The Department of Labor and Industry (Department) denied Claimant's request for benefits pursuant to Section 402(b) of the Law. Claimant appealed. A hearing on Claimant's appeal was held on February 29, 2016, at which Employer failed to appear. The Referee affirmed the determination of the Department, reasoning that Claimant did not have a necessitous and compelling reason to voluntarily leave her job, concluding "the referee does not fathom why the claimant would work under such alleged intolerable conditions for over [a] period in excess of one year." (Referee's Decision, 3/4/16, at 2.) Claimant appealed the Referee's decision to the Board.

On April 15, 2016 the Board issued an Order reversing the Referee's Decision and granting Claimant UC benefits. In so doing, the Board found that Claimant had a necessitous and compelling reason for voluntarily leaving her

2

employment, and therefore was not ineligible for benefits under Section 402(b) of the UC Law. Specifically, the Board found Claimant testified credibly that her working conditions substantially and unilaterally changed from the original terms, that Claimant was working overtime nearly every day with excessive hours on surgery days, and was expected to be on-call every weekend, and that she did not accept the change in working conditions, requested help to no avail, requested a reduction in working days which Employer denied, and made a reasonable effort to preserve her employment. (Board's Order at 1-2.)

Employer requested reconsideration, alleging it had not received the notice of hearing for the February 29, 2016 hearing. The Board granted reconsideration and vacated its previous action. Another hearing was held before a Referee.

At this second hearing, it was noted that the notice of hearing entered into the record at the February 29, 2016 hearing bears Employer's correct name, although it is missing a "T," correct address, and "Date Mailed 2/12/16" in the upper right corner. (*See* Reproduced Record (R.R.) at 90.) The Board ultimately held Employer did not credibly overcome the presumption of receipt of the notice and did not establish proper cause for its nonappearance at the first hearing.[2] Specifically, the Board found the notice was mailed to Employer's correct address, and was not returned as undeliverable and, therefore, Employer did not credibly overcome the presumption of receipt or establish proper cause for its nonappearance at the first hearing. As such, the Board did not consider additional testimony from the second

---

[2] "If any party duly notified of the date, hour and place for a hearing fails to appear without proper cause, the hearing may be held in his absence." 34 Pa. Code § 101.51. The regulations define notice as the mailing of any notice to the parties at their last known address. 34 Pa. Code § 101.53.

3

hearing. The Board accordingly reinstated its April 15, 2016 Order granting Claimant benefits as the Decision of the Board. (Board's Order, 7/18/2016, at 1.)

On appeal,[3] Employer raises four issues: 1) The Board committed an error of law in finding the notice of hearing was presumably received, 2) Employer's due process rights were violated when it was denied the right to question the UC staff regarding the mailing of the notice of hearing, 3) the Board committed an error of law in finding Employer had not credibly overcome the presumption of receipt, and therefore did not establish proper cause for its nonappearance at the first hearing, and 4) the Board arbitrarily and capriciously disregarded the findings of the Referee. (Employer's Brief at 4.)

## DISCUSSION

Employer first argues the evidence of record does not support the Board's application of the mailbox rule, and therefore its finding that the February 12, 2016 notice of hearing was presumptively received was made in error. (Employer's Brief at 18.) This Court has previously stated,

> [t]he [mailbox] rule applies only when there is evidence that the item was mailed. It is true that evidence of actual mailing is not required. Instead, 'when a letter has been written and signed in the usual course of business and placed in the regular place of mailing, evidence of the *custom* of the establishment *as to the mailing* of such letters is receivable as evidence that it was duly mailed.'

---

[3] On appeal, "[o]ur scope of review is limited to determining whether constitutional rights were violated, [whether] an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence." *Fugh v. Unemployment Compensation Board of Review*, 153 A.3d 1169, 1172 n.4 (Pa. Cmwlth. 2017).

4

*Sheehan v. Workmens' Compensation Review Board (Supermarkets Gen.)*, 600 A.2d 633, 636 (Pa. Cmwlth. 1991) (citing *Department. of Transportation v. Brayman Construction Corp.*, 513 A.2d 562, 566 (Pa. Cmwlth. 1986) (citations omitted) (emphasis in original)).

Employer alleges that, because Employer's proper name is misspelled on the February 12, 2016 notice of hearing, the notice was therefore not properly addressed for purposes of the mailbox rule. (Employer's Brief at 21-22.) Employer further argues that, because the Referee testified he does not mail out notices of hearings himself, there is no evidence of record or testimony demonstrating the notice of hearing was signed in the regular course of business and placed in the regular place of mail.

We note that the Referee's decision and the Department's notice of determination both misspell Employer's name in the same manner as the February 29, 2016 hearing notice. (R.R. at 15, 19.) Employer testified to receiving "every other piece of mail specifically related to this matter" as well as all previous mail from the Board without issue. (R.R. at 87-88.) Employer's argument relative to the misspelling thus fails.

Nevertheless, as Employer points out, there is no evidence of record or testimony demonstrating the notice of hearing was signed in the regular course of business and placed in the regular place of mail. In *Douglas v. Unemployment Compensation Review Board*, 151 A.3d 1188, 1192 (Pa. Cmwlth. 2016), this Court addressed a similar situation. In that case, the Board determined that the claimant failed to appeal in a timely manner since her appeal was filed nineteen days after the mailing of the relevant Notice of Determination. Accordingly, the Board applied the mailbox rule and its presumption that the claimant had received the Notice.

However, in order for the mailbox rule to apply, this Court noted "that there must be some evidence … that the [N]otice was mailed. … Until there is proof that a letter was mailed, there can be no presumption that it was received." *Id*. at 1192 (internal citations omitted). In *Douglas*, this principle was applied regarding dismissal of a claimant's case. We note presently that it is equally as applicable when the aggrieved is the employer. The implications of dismissal or negative action against a party in the face of claims that something which has bearing on critical filing times was "presumptively" received is too potent to not require underlying proof to support the presumption. As the Board failed to apply the principles outlined in *Douglas*, it erred.

For the foregoing reasons, we vacate the order of the Board. Given its present posture, we remand this case to the Board for a hearing on the mailbox rule pursuant to *Douglas*.[4]

_____
JOSEPH M. COSGROVE, Judge

---

[4] Given our disposition of Employer's first issue, we need not address Employer's remaining arguments raised on appeal.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Northeastern Eye Institute,      :
         Petitioner      :
         :
       v.      :
         :
Unemployment Compensation      :
Board of Review,      :    No. 1368 C.D. 2016
         Respondent      :

## O R D E R

AND NOW, this 27th day of December, 2017, the order of the Unemployment Compensation Board of Review is vacated. We remand for further proceedings consistent with this opinion. Jurisdiction is relinquished.

_____
JOSEPH M. COSGROVE, Judge