550 A.2d 863

The Neighbors of Keiners Lane; Individuals: Rose Palmer-Phelps, Edna Kasten, Jan and Kathy Kasprick, Appellants *v.* The Township of Robinson and Daniel and Patricia Renziehausen, Appellees.

Daniel Renziehausen, Appellant *v.* The Zoning Hearing Board of Robinson Township, Appellee.

Submitted on briefs September 22, 1988, before Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Rose Palmer-Phelps*, appellant, for Neighbors of Keiners Lane, Rose Palmer-Phelps, Edna Kasten and Jan and Kathy Kasprick.

*Michael F. Fives, Conway & Fives*, for appellants/appellee, Daniel and Patricia Renziehausen.

*John L. Butya*, for appellee, The Zoning Hearing Board of Robinson Township.

OPINION BY JUDGE CRAIG, November 29, 1988:

The Neighbors of Keiners Lane (Neighbors)[1] and Daniel and Patricia Renziehausen appeal an order of the Court of Common Pleas of Allegheny County affirming a decision of the Zoning Hearing Board of Robinson Township that interpreted Article VII, Section 701(A) of the Township Zoning Ordinance to include as a permitted use the proposed construction of a building for the storage and repair of trucks used in the Renziehausens' garbage hauling business.

The questions for review are whether the Renziehausens' proposed use is permitted and whether the board inappropriately placed conditions on that use. We affirm.

At issue in this dispute is the interpretation of Article VII, Section 701(A) of the township's zoning ordinance:

> SECTION 701 LIGHT INDUSTRIAL DISTRICT II.
>
> Within the Light Industrial District, the following regulations apply:
>
> A.  PERMITTED USES. A light industrial use is one which creates a minimum amount of nuisance outside the plant; is conducted entirely within the enclosed buildings, does not use the open area around such buildings for storage of raw materials or manufactured products unless screened from public view or for any other industrial purpose other than transporting goods between buildings; and which is not noxious or offensive by reason of the emission of smoke,

---

[1] The court will not dismiss the appeal in the equity case 1193 C.D. 1988 because the trial court's action amounted to a consolidation of the proceedings within the statutory zoning appeal framework.

dust, fumes, gas, odors, noises, or vibrations beyond the confines of the building.

The ordinance lists various businesses that are considered permitted uses. A partial listing by way of example includes: animal hospital, bottling works, fruit canning and packing establishment, machine shop, paper box factory, sheet metal shop, steel fabrication, and trucking terminal. The section also allows "any other compatible type manufacturing-light industrial".

In a zoning case, when the trial court takes no additional evidence, our scope of review is limited to a determination of whether the findings of the board are supported by substantial evidence, and whether the board abused its discretion or committed an error of law. *Allegheny West Civic Counsel, Inc. v. Zoning Board of Adjustment of the City of Pittsburgh,* 80 Pa. Commonwealth Ct. 79, 471 A.2d 128 (1984).

The Neighbors contend that the Renziehausens' proposed use is not a permitted use under the ordinance. At the heart of this assertion is the fact that the Keiners Lane area is residential in character even though it is zoned light industrial. Nevertheless, because the Renziehausens' property is located in a light industrial district, the board correctly examined the question of whether the Renziehausens' proposed use is permitted under Section 701(A).

At the hearing Daniel Renziehausen testified that the building would be used only for the storage and repair of his garbage trucks and also as his office. He also stated that the trucks would be cleaned at a dump site before they are returned to his property to be stored or repaired. The Renziehausens assert that their intended use is permitted because it is similar to some of the permitted uses listed in the ordinance, and is, in any case, a "compatible" use.

This court has held that a zoning ordinance that lists various permitted uses may also be interpreted to in-

clude implied permitted uses that are not explicitly mentioned in the ordinance. *Laird v. City of McKeesport*, 88 Pa. Commonwealth Ct. 147, 489 A.2d 942 (1985). The board in this case has found that the Renziehausens' intended use is similar to those permitted uses specifically listed in the ordinance and therefore a "compatible" use under Section 701(A). We agree with the board that the Renziehausens' proposed use is a permitted use in the light industrial district in which their property is located.

The Renziehausens contend in their appeal that the board abused its discretion by placing conditions on a use it determined was permitted. In zoning terminology, the term "permitted use" generally refers only to those uses allowed absolutely and unconditionally. *Kopelman v. Zoning Hearing Board of the City of New Kensington*, 55 Pa. Commonwealth Ct. 306, 423 A.2d 761 (1980). "Where a zoning board or a court finds that a use is permitted under the zoning ordinance there is no basis for the imposition of restrictions on the use greater than those specified in the ordinance itself." 2 Ryan, Pennsylvania Zoning Law and Practice §9.4.18.

We will first address condition No. 1 of the board's order:

> Such favorable interpretation is subject to and contingent upon approval of the Planning Commission in accordance with Section 405 of the Robinson Township Zoning Ordinance. Failure to receive such approval shall constitute a denial.

Section 909 of the Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10909 and Section 1508 of the Robinson Township Zoning Ordinance authorize only the zoning hearing board to interpret zoning ordinance provisions. Hence, the zoning board cannot delegate to the planning com-

mission any power to affect the board's decision as to what is a permitted use. However, because Section 405 of the zoning ordinance gives the planning commission power to review, not the propriety of the use, but the elements of a site plan of the property in industrial districts, reference by the board to the commission merely recognizes the commission's site plan approval function; it does not delegate any function of the board to the planning commission.

The Renziehausens assert that the board placed other unlawful conditions on its interpretation of Section 701(A):

2.   There will be no storage of garbage in trucks while the trucks are located on the said property;

3.   Trucks must be thoroughly washed prior to coming on the premises;

4.   No washing of garbage trucks and containers shall be done on the premises;

5.   All dumpsters and containers must be stored inside the building.

However, these specifics merely define, for this application, how it can meet the performance qualifications stated in the first sentence of Section 701(A); they do not constitute added conditions. The ordinance describes a permitted use as "one which creates a minimum amount of nuisance outside the plant; is conducted *entirely* within enclosed buildings . . . and which is not noxious or offensive by reason of the emission of smoke, . . . odors, noises, or vibrations beyond the confines of the building." (Emphasis added.) The board's Finding of Fact No. 7 states "The storage of garbage in the trucks on the premises would create offensive odors, as would bringing the garbage trucks on the premises in an unclean condition or washing them thereon."

Thus, the board has not imposed any restrictions greater than those imposed by Section 701(A) of the ordinance itself. The board's "conditions" Nos. 2-5 are the equivalent of a specific definition of this particular type of use, included in order to describe the allowed use so that it complies with the performance qualifications stated in Section 701(A) of the ordinance.

## ORDER

NOW, November 29, 1988, the order of the Court of Common Pleas of Allegheny County, at No. GD-86-14137, dated April 22, 1988, is affirmed.

Judge MACPHAIL did not participate in the decision in this case.