ORANGE STONES CO.

v.

BOROUGH OF HAMBURG, Zoning Hearing Board and Borough of Hamburg, Berks County, Pennsylvania.

Borough of Hamburg

v.

Borough of Hamburg, Zoning Hearing Board and Orange Stones Co.

Appeal of: Borough of Hamburg

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 18, 2011.

Decided Aug. 31, 2011.

James E. Gavin, Wyomissing, for appellant.

Maria Casey, Williamsport, for appellee Orange Stones Co.

BEFORE: McGINLEY, Judge, and BROBSON, Judge and FRIEDMAN, Senior Judge.

OPINION BY Judge BROBSON.

The Borough of Hamburg (Borough) appeals from an order of the Court of Common Pleas of Berks County (trial court), dated June 28, 2010, which granted the appeal of Orange Stones Co. (Orange Stones) and denied the appeal of the Borough from a decision of the Borough of Hamburg Zoning Hearing Board (Board). In so holding, the trial court affirmed in part and reversed in part the Board's decision, which granted Orange Stones' application for a zoning permit subject to certain conditions. For the reasons that follow, we affirm.[1]

Orange Stones is the owner of real property (Property) located at 215 Pine Street, in the Borough of Hamburg, Berks County. The Property is located in a VC Borough and Village Center Zoning District, as defined by the Borough Zoning Ordinance. (Reproduced Record (R.R.) at 175a.) On April 22, 2009, Orange Stones submitted an application for a zoning permit to the Borough, describing the proposed use for the Property as a "20–guest room motel/hotel.' " [2] (R.R. at 89a–91a.)

On May 26, 2009, the Borough's zoning officer issued a letter denying Orange Stones' zoning permit application. The zoning officer determined, *inter alia,* that, pursuant to Borough Ordinance Number 765–09 (Ordinance 765–09), Orange Stones was "required to make a submission for land development to the [Borough] planning Commission [sic] and obtain approval from the Borough Council as a condition to issuance of a zoning permit." (R.R. at 92a.) Ordinance 765–09 provides, in pertinent part:

A. Any person or entity ("Applicant") desiring to undertake any new construction, structural or site alteration, or changes in the use of a building or lot within the [Borough] shall first apply to the Borough Zoning Officer for a zoning permit by filling out the appropriate application form and by submitting all requested information along with

---

1. We note that this Court decided related matters on March 17, 2010, in *Orange Stones Co. v. Borough of Hamburg Zoning Hearing Board,* 991 A.2d 996 (Pa.Cmwlth.2010) (*Orange Stones I* ), and on September 9, 2010, in *Orange Stones Co. v. Borough of Hamburg et al.,* 2014 C.D. 2009, 4 A.3d 828 (Pa. Cmwlth.2010) (*Orange Stones II* ). *Orange Stones I* and *Orange Stones II* involved the same parties and the same parcel of real property, but those cases concerned separate and distinct zoning permit applications filed by Orange Stones on June 17, 2008, and September 11, 2008, respectively. In both cases, Orange Stones sought to use the sub-ject real property as a rehabilitation center and halfway house.

2. Motels and hotels are a permitted use in a VC Borough and Village Center Zoning District under Section 403 of the Borough Zoning Ordinance. (R.R. at 176a.) Section 202 of the Borough Zoning Ordinance defines "Motel, Hotel" as "any building or structure containing six or more guest rooms intended or designed to be used, or which are used, rented or hired out to be occupied, or which are occupied for sleeping purposes by guests." (R.R. at 149a.)

the required fee in accordance with the Pennsylvania Municipalities Planning Code and the [Borough] Zoning Ordinance.

B. Upon receipt of a completed application form and fee required by Subsection A above, the Borough Zoning Officer shall either issue the zoning permit or shall deny the permit, *indicating in writing the reason for denial, which may include the reason that certain construction, alterations or uses require approval of the [Board] and/or the Borough Council, and/or the recommendations of the Borough Planning Commission as a condition to issuance of the zoning permit.*

C. If denied a permit by the Borough Zoning Officer, the Applicant may appeal such decision to the [Board] for further consideration in accordance with the Pennsylvania Municipalities Planning Code and the [Borough] Zoning Ordinance.

(R.R. at 104a (emphasis added).)

Orange Stones appealed to the Board, which held a hearing on July 16, 2009. By decision issued August 20, 2009, the Board reversed the decision of the zoning officer and granted Orange Stones' appeal. The Board concluded, *inter alia,* that the zoning officer erred in relying on Ordinance 765–09 in denying Orange Stones' zoning permit application because Ordinance 765–09 was not enacted pursuant to the Municipalities Planning Code (MPC), Act of July, 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11202. Notwithstanding, the Board, perceptibly wary of Orange Stones' prior zoning permit applications seeking to use the Property as a rehabilitation center and halfway house, imposed conditions in granting Orange Stones' zoning permit application. The Board's decision provides, in pertinent part:

Orange Stones Co.'s application for zoning permit for the use of a 20 guest room Hotel/Motel is GRANTED as a permitted use pursuant to the uses permitted in a VC Borough and Village Center Zoning District subject to the following conditions:

3. No Rehabilitation Center (Halfway House) as that term is defined in the Hamburg Zoning Ordinance shall be permitted on the Property; and

4. No supervision of occupants of the Property shall be provided except that which is necessary to secure property and personal safety; and

5. No curfews or hours restricting an occupant from leaving or entering the building shall be established; and

6. The Applicant and its successors shall comply with the Pennsylvania laws regarding fire and panic for hotels/motels; and

7. There shall be no more than two beds per room for the 20 guest rooms permitted and each guest room shall be occupied by no more than two adults and two children; and

8. No plans are deemed approved in this Decision; and

9. No education of occupants of the Property shall be provided except as necessary to instruct the occupant on the rules and use of the Property as a hotel/motel; and

10. No physical, emotional or other health related treatment shall be provided to occupants of the Property; and

11. No contract shall exist between the Applicant or any subsequent owner or operator of the Property and a third party which reimburses the Applicant or any subsequent owner or operator of the Property for an occupants [sic] stay based upon the physical or mental condition of the occupant; and

12. No drug or alcohol treatment shall be offered to occupants by the Applicant or any owner or operator of the Property; and

13. No facility where a significant purpose is for the housing, rehabilitation, and/or training of persons on probation, parole, furlough or early release from a correctional institution shall be permitted to be operated; and

14. No facility where a significant purpose is for occupancy by persons found guilty of criminal offenses, whether or not ordered by a court to reside there or for preventative detention shall be permitted.

(Board Decision, dated August 20, 2009, attached to Borough's Brief, Appendix A at 3–4.)

On September 21, 2009, Orange Stones appealed the Board's decision to the trial court. Orange Stones argued that the Board erred in imposing conditions on its grant of Orange Stones' zoning permit application. On September 23, 2009, the Borough also appealed the Board's decision to the trial court. The Borough contended that the Board erred in determining that the zoning officer improperly relied on Ordinance 765–09 in denying Orange Stones' zoning permit application. The trial court consolidated the appeals on January 26, 2010, and heard argument on March 15, 2010. By order dated June 28, 2010, the trial court granted Orange Stones' appeal and denied the Borough's appeal. In doing so, the trial court affirmed the Board's decision to the extent that the Board granted Orange Stones' zoning permit application, and reversed the Board's decision to the extent that the Board imposed conditions in granting Orange Stones' zoning permit application. This appeal followed.

■ On appeal,[3] the Borough argues that the trial court erred in upholding the Board's conclusion that the zoning officer improperly relied on Ordinance 765–09 in denying Orange Stones' zoning permit application because Ordinance 765–09 was not enacted pursuant to the MPC. The Borough also contends that the trial court erred in holding that the Board improperly imposed conditions in granting Orange Stones' zoning permit application. We address these issues in order.

■ The Borough argues, first, that the trial court erred in upholding the Board's conclusion that the zoning officer improperly denied Orange Stones' zoning permit application based on Ordinance 765–09 because Ordinance 765–09 was not enacted pursuant to the MPC. The Borough, maintaining that the Board's decision effectively rendered Ordinance 765–09 procedurally invalid, contends that the Board erred in reversing the zoning officer because the validity of the enactment of Ordinance 765–09 was never properly challenged. Specifically, the Borough argues that, pursuant to Section 909.1(a)(2) of the MPC, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10909.1(a)(2),[4] and Section 5571.1 of the Judicial Code, 42 Pa.C.S. § 5571.1,[5] the Board lacked jurisdiction to consider the validity of the en-

3. "Because the trial court did not take any additional evidence, our scope of review is limited to determining whether the [Board] committed an error of law or manifestly abused its discretion." *Diversified Health Associates, Inc. v. Zoning Hearing Bd. of the Borough of Norristown*, 781 A.2d 244, 246–47 (Pa.Cmwlth.2001).

4. The former language contained in Section 909.1(a)(2) of the MPC, which granted the Board jurisdiction to hear appeals raising defects in the process of enactment of ordinances, was deleted by the Act of July 4, 2008, P.L. 319, No. 39, § 3.

5. Section 5571.1 of the Judicial Code provides, in pertinent part:

actment of Ordinance 765–09, and that the zoning officer was obligated to follow Ordinance 765–09 because it was never judicially declared procedurally invalid under Section 5571.1 of the Judicial Code. While we agree with the Borough that challenges to the process of enactment of an ordinance must be made to a court of common pleas pursuant to Section 5571.1 of the Judicial Code, and, therefore, that the Board would have been without jurisdiction to hear such a challenge, we disagree that the Board's decision rendered Ordinance 765–09 procedurally invalid.

In concluding that the zoning officer could not rely on Ordinance 765–09 because Ordinance 765–09 was not enacted pursuant to the MPC, the Board did not conclude that Ordinance 765–09 was not enacted in accordance with the procedural requirements set forth in the MPC, but rather, that Ordinance 765–09 did not originate under the MPC. The Borough itself admits that no provision of the MPC served as the enabling clause for Ordinance 765–09; the Borough enacted Ordinance 765–09 pursuant to subsections (24) and (74) of Section 1202 of The Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. § 46202(24), (74).[6] (Memorandum of Law of the Borough of Hamburg in Support of Its Land

---

**(a) Applicability; court of common pleas.—**

(1) This section shall apply to any appeal raising questions relating to an alleged defect in the process of or procedure for enactment or adoption of any ordinance, resolution, map or similar action of a political subdivision.

(2) An appeal pursuant to this section shall be to the court of common pleas

**(b) Appeals of defects in statutory procedure.—**

(1) Any appeal raising questions relating to an alleged defect in statutory procedure shall be brought within 30 days of the intended effective date of the ordinance.

6. Section 1202 of The Borough Code provides, in pertinent part:

The powers of the borough shall be vested in the corporate authorities. Among the specific powers of the borough shall be the following, and in the exercise of any of such powers involving the enactment of any ordinance or the making of any regulation, restriction or prohibition, the borough may provide for the enforcement thereof and may prescribe penalties for the violation thereof or for the failure to conform thereto:

. . . .

**(24) Building, housing, property maintenance, plumbing and other regulations.** To enact and enforce ordinances relating to buildings and housing, their construction, alteration, extension, repair and maintenance and all facilities and services in or about such buildings or housing, to require that, before any work of construction, alteration, extension, or repair of any building is begun, approval of the plans and specifications therefor be secured; to provide for the inspection of such work of construction, alteration, extension and repair, including the appointment of one or more building inspectors and/or housing inspectors; to prescribe limits wherein none but buildings of noncombustible material and fireproof roofs shall be erected, or substantially reconstructed, or moved thereinto; to provide for enforcement of such regulations by a reasonable fine, and by instituting appropriate actions or proceedings at law, or in equity, to effect the purposes of this provision and ordinances enacted thereunder. Any building, housing or property, or part thereof erected, altered, extended, reconstructed, removed or maintained, contrary to any of the provisions of any ordinance passed for any of the purposes specified in this clause is declared to be a public nuisance and abatable as such.

. . . .

**(74) General powers.** To make and adopt all such ordinances, bylaws, rules and regulations not inconsistent with or restrained by the Constitution and laws of this Commonwealth, as may be expedient or necessary for the proper management, care and control of the borough and its finances, and the maintenance of peace, good government, safety and welfare of the borough

Use Appeal, at 4–5.) As the Borough stated: "Based on [subsections (24) and (74) of Section 1202 of The Borough Code], the [Borough] determined that [Ordinance 765–09] *did not need to be a zoning ordinance.*"[78] (*Id.* at 4 (emphasis added).) Accordingly, had the Board truly concluded that Ordinance 765–09 was invalid on procedural grounds, that determination would have been based on a failure to follow the procedural requirements set forth in The Borough Code, not the MPC. The proper issue before this Court, therefore, is whether the zoning officer erred in denying Orange Stones' zoning permit application based on an ordinance that did not originate under the MPC. For the reasons that follow, we hold that the zoning officer acted improperly.

■ The Borough, as a municipal entity, derives its power to zone from the MPC.

*In re Realen Valley Forge Greenes Assocs.*, 576 Pa. 115, 132–33, 838 A.2d 718, 729 (2003). Section 601 of the MPC, 53 P.S. § 10601,[9] generally grants municipalities the authority to enact, amend, and/or repeal zoning ordinances. Section 614 of the MPC, 53 P.S. § 10614, in turn, provides for the powers of a zoning officer:

For the administration of a zoning ordinance, a zoning officer, who shall not hold any elective office in the municipality, shall be appointed. The zoning officer shall meet qualifications established by the municipality and shall be able to demonstrate to the satisfaction of the municipality a working knowledge of municipal zoning. *The zoning officer shall administer the zoning ordinance in accordance with its literal terms, and shall not have the power to permit any*

---

and its trade, commerce and manufactures. to provide for the inspection of such work of construction, alteration, extension and repair, including the appointment of one or more building inspectors and/or housing inspectors; to prescribe limits wherein none but buildings of noncombustible material and fireproof roofs shall be erected, or substantially reconstructed, or moved thereinto; to provide for enforcement of such regulations by a reasonable fine, and by instituting appropriate actions or proceedings at law, or in equity, to effect the purposes of this provision and ordinances enacted thereunder. Any building, housing or property, or part thereof erected, altered, extended, reconstructed, removed or maintained, contrary to any of the provisions of any ordinance passed for any of the purposes specified in this clause is declared to be a public nuisance and abatable as such.

. . . .

(74) **General powers.** To make and adopt all such ordinances, bylaws, rules and regulations not inconsistent with or restrained by the Constitution and laws of this Commonwealth, as may be expedient or necessary for the proper management, care and control of the borough and its finances, and the maintenance of peace, good government, safety and welfare of the borough and its trade, commerce and manufactures.

7. Ordinance 765–09 amended Chapter 5 of The Borough Code of Ordinances, which is entitled "Buildings/Code Enforcement." (R.R. at 104a.) The Borough Zoning Ordinance, however, is located in Chapter 27 of The Borough Code of Ordinances. (R.R. at 127a.) On September 28, 2009, The Borough enacted Borough Ordinance Number 771–09 (Ordinance 771–09), amending Chapter 27 of The Borough Code of Ordinances, and incorporating the relevant language of Ordinance 765–09 into the Borough Zoning Ordinance. (R.R. at 272a–73a.) It is unclear from the record whether Ordinance 771–09 was enacted pursuant to the MPC.

8. Notably, Section 1201 of the MPC, 53 P.S. § 11201, specifically repealed the sections of The Borough Code that expressly concerned zoning and land subdivision.

9. Section 601 of the MPC provides: "The governing body of each municipality, in accordance with the conditions and procedures set forth in this act, may enact, amend and repeal zoning ordinances to implement comprehensive plans and to accomplish any of the purposes of this act."

*construction or any use or change of use which does not conform to the zoning ordinance.* Zoning officers may be authorized to institute civil enforcement proceedings as a means of enforcement when acting within the scope of their employment.

(Emphasis added.) Under the above sections, a zoning officer's authority is limited to administering a zoning ordinance which has been enacted pursuant to the provisions of the MPC. Accordingly, because Ordinance 765–09 did not originate under the MPC, the zoning officer erred in relying on Ordinance 765–09 in denying Orange Stones' zoning permit application.

█ Furthermore, even if we assume, *arguendo,* that it is permissible for a zoning officer to deny a zoning permit application based on an ordinance that did not originate under the MPC, Ordinance 765–09 does not provide the zoning officer with the authority to deny a zoning permit application for want of land development approval. To recapitulate, the zoning officer denied Orange Stones' zoning permit application because, *inter alia,* Ordinance 765–09 required Orange Stones "to make a submission for land development to the [Borough] planning Commission [sic] and obtain approval from the Borough Council as a condition to issuance of a zoning permit." (R.R. at 92a.) In doing so, the zoning officer relied on the following language from Ordinance 765–09:

B. Upon receipt of a completed application form and fee required by Subsection A above, *the Borough Zoning Officer shall either issue the zoning permit or shall deny the permit, indicating in writing the reason for denial, which may include the reason that certain construction, alterations or uses require approval of the [Board] and/or the Borough Council, and/or the recommendations of the Borough Planning Commis-*

*sion as a condition to issuance of the zoning permit.*

(R.R. at 104a (emphasis added).)

A review of the above language reveals that it is purely instructive in nature; it does not provide the zoning officer with any independent authority to impose procedural hurdles to obtaining a zoning permit. Stated differently, Ordinance 765–09 does not grant the zoning officer unfettered discretion to determine when review by the Board, the Borough Council, or the Borough Planning Commission is necessary or advantageous. Instead, Ordinance 765–09 merely reiterates to applicants that the zoning officer has a duty to grant or deny zoning permit applications in accordance with the terms of the MPC and the Borough Zoning Ordinance. For instance, Board approval is required prior to issuance of a zoning permit where the Borough Zoning Ordinance permits a use only by variance or special exception. *See* Sections 910.2 and 912.1 of the MPC, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. §§ 10910.2, 10912.1; Section 803 of the Borough Zoning Ordinance, (R.R. at 254a–57a). Likewise, Borough Council approval is necessary prior to issuance of a zoning permit where the Borough Zoning Ordinance permits a use only by conditional use. *See* Section 913.2 of the MPC, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10913.2; Section 710 of the Borough Zoning Ordinance, (R.R. at 248a–50a).

Here, Orange Stones' zoning permit application proposed to use the Property as a "20–guest room motel/hotel,'" which is a permitted use in a VC Borough and Village Center Zoning District under Section 403 of the Borough Zoning Ordinance. (R.R. at 91a, 176a.) Neither Section 403, nor any other section of the Borough Zoning Ordinance, required Orange Stones to submit a land development plan to receive

the recommendations of the Borough Planning Commission or obtain the approval of the Borough Council as a prerequisite to issuance of the zoning permit. The zoning officer, therefore, incorrectly interpreted Ordinance 765–09 as requiring that Orange Stones receive prior land development approval. Accordingly, the zoning officer erred in denying Orange Stones' zoning permit application based on Ordinance 765–09.

■ We next address the Borough's argument that the trial court erred in reversing the Board's decision to impose conditions on Orange Stones' zoning permit. With regard to the conditions, the Board's written decision provides, in pertinent part:

17. Two prior applications for Zoning Permits sought approval for a drug rehabilitation facility and a halfway house.

18. The Zoning Officer testified without contradiction that the plans submitted by the Applicant in the instant matter varied only slightly from the two prior applications.

19. The Zoning Officer testified that he was "confused" by the application since it was a facility with no lavatories within rooms, contained no restaurant or other amenities "commonly accepted as a hotel". [sic]

20. The Applicant . . . testified "I'm not trying to get a halfway house here."
. . .

. . . .

3. The First Floor Construction Plan coupled with the nature of the two prior applications requires [the Board], in granting relief to the Applicant, to condition such approval in a manner to assure that the use of the Property is as requested as a Hotel/Motel. . . .

(Board Decision, dated August 20, 2009, attached to Borough's Brief, Appendix A at 2–3.) This language reveals that the Board imposed conditions on Orange Stones' use of the Property as a hotel/motel because the Board was apprehensive that Orange Stones would, in fact, seek to use the Property as a rehabilitation center and/or halfway house.

The Borough contends that the Board's conditions are simply a memorialization of Orange Stones' assurances that the Property would not be used as a rehabilitation center and/or halfway house, (see R.R. at 60a–62a), and that the conditions are permissible because they do not restrict Orange Stones' use of the Property as a hotel/motel. Orange Stones counters that the Board lacked the statutory authority to impose conditions under Section 909.1(a) of the MPC.[10] For the reasons that follow, we hold that the Board did not have the au-

---

10. Section 909.1(a) of the MPC provides, in pertinent part:
(a) The zoning hearing board shall have exclusive jurisdiction to hear and render final adjudications in the following matters:
. . . .
(3) Appeals from the determination of the zoning officer, including, but not limited to, the granting or denial of any permit, or failure to act on the application therefor, the issuance of any cease and desist order or the registration or refusal to register any nonconforming use, structure or lot.

. . . .
(5) Applications for variances from the terms of the zoning ordinance and flood hazard ordinance or such provisions within a land use ordinance, pursuant to section 910.2.
(6) Applications for special exceptions under the zoning ordinance or flood plain or flood hazard ordinance or such provisions within a land use ordinance, pursuant to section 912.1.

thority to impose conditions in granting Orange Stones' zoning permit application.

■ In *Paulson v. Zoning Hearing Board of Wallace Township*, 712 A.2d 785, 788–89 (Pa.Cmwlth.1998), this Court held that zoning hearing boards lack the authority to attach conditions when hearing an appeal from a zoning officer's determination under Section 909.1(a)(3) of the MPC. We stated:

> Section 909.1(a)(5) of the [MPC], grants original jurisdiction to zoning hearing boards to hear applications for variances pursuant to Section 910.2 of the MPC, and Section 910.2(b) [of the MPC] specifically authorizes zoning hearing boards to attach reasonable conditions to the grant of a variance.[11] Similarly, Section 909.1(a)(6) [of the MPC] grants original jurisdiction to hear applications for special exceptions pursuant to Section 912.1 [of the MPC], which also expressly authorizes the attachment of reasonable conditions.[12]
>
> By contrast, Section 909.1(a)(3) [of the MPC] ..., provides for the zoning hearing board to hear appeals from determinations of the zoning officer ..., but it does not provide for the attachment of conditions in connection with such appellate review.... [P]ursuant to the maxim of statutory construction *expressio unius est exclusio alterius*,[13] the legislature's express authorization for zoning hearing boards to attach conditions when ruling upon applications for variances or special exceptions in their original jurisdiction, along with the lack of any such provision in the appellate jurisdiction provided in Section 909.1(a)(3) [of the MPC], indicates that zoning hearing boards lack the authority to attach conditions when proceeding under Subsection (a)(3).

((Emphasis added) (citations and quotations omitted).) Accordingly, because the Board had jurisdiction over Orange Stones' appeal under Section 909.1(a)(3) of the MPC, the Board did not have the authority to impose conditions in granting Orange Stones' zoning permit application.

Furthermore, while we appreciate the raison d'être of the Board's conditions, the MPC and the Borough Zoning Ordinance already contain mechanisms to allay the Board's concerns. For instance, pursuant to Section 706 of the Borough Zoning Ordinance, after Orange Stones receives a zoning permit, Orange Stones cannot use and occupy the Property until Orange Stones obtains a certificate of use and occupancy. (R.R. at 245a.) If the completed work on the Property is inconsistent with the work listed in the zoning permit, the certificate of use and occupancy may be denied. Likewise, if Orange Stones attempts to operate anything other than a hotel/motel on the Property after receiving a certificate of use and occupancy, the Borough can initiate enforcement proceedings. *See* Section 617 of the MPC, 53 P.S. § 10617, and Sections 616.1 and

---

11. Section 910.2(b) of the MPC provides, in pertinent part: "In granting any variance, the board may attach such reasonable conditions and safeguards as it may deem necessary to implement the purposes of this act and the zoning ordinance."

12. Section 912.1 of the MPC provides, in pertinent part: "In granting a special exception, the board may attach such reasonable conditions and safeguards, in addition to those expressed in the ordinance, as it may deem

necessary to implement the purposes of this act and the zoning ordinance."

13. Under the maxim *expressio unius est exclusio alterius*, "the express mention of a specific matter in a statute implies the exclusion of others not mentioned." *West Penn Allegheny Health Sys. v. Med. Care Availability and Reduction Error Fund (MCARE)*, 11 A.3d 598, 605–06 (Pa.Cmwlth.2010).

617.1–617.2 of the MPC, added by the Act of the December 21, 1988, P.L. 1329, 53 P.S. §§ 10616.1, 10617.1–10617.2; Sections 702, 703, and 704 of the Borough Zoning Ordinance, (R.R. at 242a–43a).

Accordingly, we affirm.

## ORDER

AND NOW, this 31st day of August, 2011, the order of the Court of Common Pleas of Berks County, dated June 28, 2010, is hereby AFFIRMED.