John DUFFY and John B. Duffy, Jr.

v.

The ZONING HEARING BOARD
OF UPPER CHICHESTER
TOWNSHIP.

Upper Chichester Township

v.

Zoning Hearing Board of Upper
Chichester Township.

Appeal of:  Upper Chichester Township.

Commonwealth Court of Pennsylvania.

Argued Oct. 16, 2012.

Decided Jan. 30, 2013.

John M. Sheridan, Media, for appellant.

James J. Byrne, Jr., Media, for appellees John Duffy and John B. Duffy, Jr.

John J. Rendemonti, Glen Mills, for appellee Zoning Hearing Board of Upper Chichester Township.

BEFORE: LEADBETTER, Judge, and BROBSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Upper Chichester Township (Township) appeals from the September 30, 2011, order of the Court of Common Pleas of Delaware County (trial court), which granted the land use appeal filed by John Duffy and John B. Duffy, Jr. (Applicants) and reversed the May 15, 2010, decision of the Upper Chichester Township Zoning

Hearing Board (ZHB) declaring the proposed use of Applicants' property a use permitted by right pursuant to section 1102(18) of the Township Zoning Ordinance (Ordinance).[1] The trial court denied and dismissed all remaining matters raised by the Township. We affirm.

Applicants own property located adjacent to Interstate 95 in the I–Industrial zoning district in the Township. On August 16, 2006, Applicants filed a land development application (Application) along with a proposed land development plan (Plan) with the Township[2] seeking a permit to construct a landscape waste recycling/processing facility on the property. Section 1102(18) of the Ordinance authorizes a recycling/processing facility in the I–Industrial zoning district, subject to the terms of Section 1810 of the Ordinance.

After the filing of the Application, on April 7, 2007, the Township amended the Zoning Code by enacting Ordinance No. 07–635, which states as follows:

An Ordinance of the Township of Upper Chichester to Amend the Zoning Code, as heretofore amended, Part 18, Procedures and Standards *for Conditional Use,* by Creating Article 1800–A, Sections 1800–A.01 through 1800–A.18, Providing for Standards and Procedures for Uses Authorized Only By Conditional Use Permit By the Board of Commissioners, Establishing Procedures and General Standards, Public Hearings, Method of Determination, General Requirements for Review of Conditional Uses, Requirements for Review Where Standards Are Not Provided, Standards of Proof, Impact on the Public Interest,

---

1. The trial court also declared the property a use by right pursuant to section 1102(3) of the Ordinance, which permits wholesale, distribution or warehouse facilities as a use by right. However, that issue is not before us and will not be addressed.

2. The Application sent to the Township is entitled "Delaware County Planning Commission Application for Act 247 Review."

and Regulations for Specific Uses. (Emphasis added.)

Section 1800–A.13 of Ordinance No. 07–635 established specific standards and procedures for determining uses to be permitted as conditional uses and specifically permitted recycling/processing facilities "only as a conditional use in the C–2 [Commercial zoning] District" subject to regulations set forth therein. (R.R. at 161 a.)

By correspondence dated April 24, 2007, Applicants agreed to an indefinite extension of time for the Township to review the Application. Following almost three years of inactivity on the Application, on January 6, 2010, Applicants resubmitted the Application and Plan to construct a recycling/processing facility on the property. (R.R. at 53a–56a.) The Township distributed the Application and Plan to the Township Planning Commission, the Township Engineer, the Township Zoning Officer, and the Township Fire Marshall.

On January 22, 2010, the Township Zoning Officer denied the Application concluding that a recycling/processing facility "is only permitted as a Conditional Use in C–2 Commercial District." (R.R. at 121a.) Applicants appealed to the ZHB, which conducted a hearing on April 7, 2010, at which no testimony was taken. At the conclusion of the hearing, the ZHB orally denied the Application.

On May 6, 2010, Applicants filed a land use appeal from the ZHB's denial of the Application with the trial court.[3]

On May 13, 2010, the Township denied the Plan for the recycling/processing facility through Resolution No. 2010–24 (Resolution) due to the proposed use being contrary to the Ordinance and Applicants' noncompliance with comments from the Township Planning Commission, the Township Engineer, the Township Zoning Officer, and the Township Fire Marshall. (R.R. at 267a—268a.)

Thereafter, Township appealed the ZHB's May 15, 2010, order asserting that the ZHB did not address the applicability of Ordinance No. 07–635 or whether the use was only permitted in the C–2 Commercial zoning district as a conditional use or whether the use was more intense. Applicants filed another land use appeal from the May 13, 2010, decision of the Township adopting the Resolution which denied Applicants' land use Plan. The trial court consolidated all the appeals on February 10, 2011.

On September 30, 2011, the trial court granted the Applicants' land use appeal and reversed the ZHB's decision of May 15, 2010, declaring Applicants' use of the property for a recycling/processing facility a permitted use by right pursuant to section 1102(18) of the Ordinance. The trial court further denied and dismissed all remaining matters raised by the Township within the consolidated cases. The Township now appeals to this court.[4]

Initially, the Township contends that the trial court erred in failing to determine that Township Ordinance No. 07–

---

**3.** Thereafter, on May 15, 2010, the ZHB issued an order denying the Application, holding that the proposed use was not a use permitted by right pursuant to section 1102(18) of the Ordinance because the proposed use is larger, more intense, or produces a greater impact than the uses permitted by right in section 1102 of the Ordinance. The ZHB also noted that the recycling/processing facility is not intended to operate in an enclosed building or be screened from public

view by a planted visual screen or opaque fence.

**4.** Our review, where the trial court takes no additional evidence, is limited to determining whether the ZHB committed an error of law or abused its discretion. *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 554, 462 A.2d 637, 639 (1983).

635 precludes the use of a recycling/processing facility in the I–Industrial zoning district. The Township maintains that Ordinance No. 07–635 states that a recycling/processing facility is permitted only as a conditional use in the C–2 Commercial zoning district and is no longer permitted in the I–Industrial zoning district, where Applicants' property is located.[5] Therefore, the recycling/processing facility is no longer a use permitted by right in the I–Industrial zoning district. We disagree.

The Ordinance provides that:

I Industrial District

§ 1101. District Purpose. The purpose of this district is to allow a variety of industrial uses as a matter of right and larger scale, more intense industrial uses by special exception. Special development regulations relating to buffering, screening and landscaping are included to minimize the environmental impact of industrial establishments on adjacent neighborhoods and to assure sound development and appearance with the industrial district.

§ 1102. Uses Permitted by Right. Land, buildings or premises shall be used by right for only one or more of the following uses:

\* \* · \*

18. Recycling facility including processing, subject to Section § 1810.

The plain language of section 1102(18) of the Ordinance provides that a recycling/processing facility use is permitted by right in the I–Industrial zoning district. Section 1800–A.13 of Ordinance No. 07–635 addresses conditional use provisions within the C–2 Commercial zoning district, not uses permitted by right within the I–Industrial zoning district. Therefore, section 1800–A.13 of Ordinance No. 07–635 is not

applicable and does not alter the treatment of the land development at issue. The trial court did not err in determining that Applicants' proposed use is permitted by right under section 1102(18) of the Ordinance.

■ Next, the Township and the ZHB contend that the trial court erred in failing to determine that the ZHB properly denied approval of a recycling/processing facility as a permitted use in the I–Industrial zoning district because the Applicants failed to satisfy the regulations and standards required by section 1810 of the Ordinance. Specifically, they contend that the recycling/processing facility must be operated in an enclosed building or be screened from public view by a planted visual screen or opaque fence.

In the I–Industrial zoning district, a recycling/processing facility is a use by right, subject to section 1810 of the Ordinance, which provides:

§ 1810. *Regulations and Standards for Recycling Facilities.* Standard collection facilities shall be permitted by special exception in the C–1 District, and processing facilities shall be permitted by special exception in the C–2 District.

1. No collection or processing facility shall be located less than thirty (30) feet from a public street to assure safety.
2. Small collection facilities may be placed in surplus parking spaces.
3. Parking shall be provided in accordance with Part 15.
4. Standard collection and processing facilities shall be placed not less than one hundred fifty (150) feet from a residential property.
5. Trash and debris shall be cleaned up on a daily basis.

---

**5.** After Applicants submitted the Application, Ordinance No. 07–635 created section 1800–A.13, which provides that "processing facili-

ties for recycling shall be permitted only as a conditional use in the C–2 district, subject to the regulations...."

6. The name and phone number of the person responsible for the collection facility will be displayed on the containers.

7. Overnight collection areas shall be adequately lighted, well [-] kept and secure from unauthorized entry.

8. Collection facilities and processing facilities shall provide sufficient room to accommodate customers and business traffic.

9. *Collection facilities and processing facilities will operate in an enclosed building or be screened from public view by a planted visual screen or opaque fence.*

10. Certification and permits shall be obtained as required from the appropriate local, state or federal agencies.

(Emphasis added.)

■ Here, Applicants did not request a conditional use, a special exception, or a variance, and, therefore, were not required to prove compliance with the regulations in section 1810 of the Ordinance prior to approval of the Application. As a use by right, the regulations in section 1810 of the Ordinance would be properly addressed after approval of the permit application for the use by right.[6]

The trial court was correct in determining that a recycling/processing facility is a use by right in the I–Industrial zoning district and the ZHB erred in denying Applicants' permit application.

Accordingly, we affirm the trial court.

---

6. Section 1102(18) of the Ordinance states that a recycling/processing facility is a use by right "subject to Section § 1810." Where an ordinance defines permitted uses in terms of attributes, (i.e., is conducted within a closed building), " 'conditions' designed to ensure that the use complies with the criteria are valid, because they create no restrictions greater than those imposed by the ordinance itself." 2 Robert S. Ryan, Pennsylvania Zoning Law and Practice § 9.4.18 (2003); *see generally Neighbors of Keiners Lane v. Township of Robinson*, 121 Pa.Cmwlth. 346, 550

*ORDER*

AND NOW, this 30th day of January, 2013, we affirm the September 30, 2011, order of the Court of Common Pleas of Delaware County in the above-captioned matter.

A.2d 863 (1988). While we appreciate the Township and the ZHB's concerns, the Ordinance provides in section 2003(5) that applicants cannot use and occupy the property until they obtain a certificate of use and occupancy. Thus, if the completed work on the property is inconsistent with the conditions in section 1810 of the Ordinance and the zoning permit, the certificate of use and occupancy may be denied. *See Orange Stones Co. v. Borough of Hamburg*, 28 A.3d 228, 236 (Pa. Cmwlth.2011).